## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

STEPHANIE AUCOIN, ET AL.        *      **CIVIL ACTION**

**VERSUS**                 *      **NUMBER: 06-9310**

**STATE FARM INSURANCE COMPANY, ET AL.**    *      **SECTION "L" (3)**

## ORDER & REASONS

Before the Court is the Plaintiffs' Motion to Remand (Rec. Doc. 3).  For the following reasons, the Plaintiffs' motion is now GRANTED.

## I.    BACKGROUND

This case arises from a dispute regarding insurance coverage for the Plaintiffs' home located at 2108 S. River Park Drive in Violet, Louisiana, which suffered damage as a result of Hurricane Katrina.  The Defendants in this case are State Farm Fire and Casualty Company ("State Farm"),[1] the Plaintiffs' homeowners' insurance carrier, and Edward Schaumburg, a State Farm agent.

In August of 2006, the Plaintiffs filed the present action in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana.  The Plaintiffs allege that they are entitled to payment from State Farm for damages and losses to the property, in addition to bad-faith penalties under Louisiana law.  The Plaintiffs also allege that Schaumburg failed to properly and accurately advise them of applicable exclusions in their policy.

State Farm removed this case to federal court on November 1, 2006, contending that this

---

[1]  The Defendant was improperly named as State Farm Insurance Company in the petition.

Court has jurisdiction under either of the following provisions:  (1) diversity jurisdiction under 28 U.S.C. § 1332, because Schaumburg is improperly joined and the amount in controversy exceeds $75,000; or (2) the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. § 1369.  On November 30, 2006, the Plaintiffs filed the instant motion to remand.

## II.    LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.  *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).  As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).  Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."  *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party.  *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

### A.    Diversity Jurisdiction

State Farm contends that this Court has diversity jurisdiction over this case because complete diversity exists between the Plaintiffs and the properly joined Defendant, and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.

Specifically, State Farm asserts that diversity jurisdiction exists because Schaumburg, the non-diverse defendant, was improperly joined and, therefore, that the Court must disregard his citizenship.  "The burden of proving a fraudulent joinder is a heavy one," and the burden is borne by the removing party.  *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983).  The removing party can satisfy its heavy burden by demonstrating "that there is no possibility

2

that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in plaintiff's pleading of jurisdictional facts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). However, "[i]f there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility . . . must be reasonable not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *see Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 574 (5th Cir. 2004).

State Farm asserts that the Plaintiffs' claims against Schaumburg are time-barred pursuant to La. Rev. Stat. § 9:5606, which establishes a three-year peremptive period for actions against insurance agents. Pursuant to this statute, if the plaintiff does not file suit within three years from the date of the alleged act, omission, or neglect, the claim must be dismissed. Moreover, if the plaintiff does not file suit within one year from the date the alleged act, omission, or neglect is or should have been discovered, the claim must be dismissed. State Farm argues that the three-year peremptive period commenced when the Plaintiffs purchased their policy in 1992. However, the parties have submitted competing affidavits with respect to the date from which the peremptive periods should run. Without further factual development, the Court cannot conclude that the Plaintiffs have no possibility of recovery against the in-state defendant in this case. *See, e.g., Maco Serv., Inc. v. Allstate Ins. Co.*, No. 06-8117, 2006 WL 3905002 (E.D. La. Dec. 18, 2006); *S. Athletic Club, LLC v. Hanover Ins. Co.*, No. 06-2605, 2006 WL 2583406 (E.D. La. Sept. 6, 2006). Accordingly, the Court finds that Schaumburg was not improperly joined and, thus, that diversity jurisdiction does not exist in this case. *See, e.g.,*

*Alfonso v. State Farm Ins. Co.*, No. 06-6691, 2007 WL 119463 (E.D. La. Jan. 10, 2007).[2]

### B.      Multiparty, Multiforum Trial Jurisdiction Act

State Farm also asserts that federal jurisdiction exists under the Multiparty, Multiforum

Trial Jurisdiction Act ("MMTJA").  State Farm contends that removal was proper (1) pursuant to

28 U.S.C. § 1441(e)(1)(A) because this action could have been brought in a United States district

court under 28 U.S.C. § 1369 and/or (2) pursuant to 28 U.S.C. § 1441(e)(1)(B) because the

Defendant is a party to other actions in this district which were or could have been brought under

28 U.S.C. § 1369.

Section 1369 creates original federal jurisdiction over "any civil action involving

minimal diversity between adverse parties that arises from a single accident, where at least 75

natural persons have died in the accident at a discrete location."  28 U.S.C. § 1369(a).  The

Eastern District has consistently found that the MMTJA does not confer federal jurisdiction over

cases arising out of Hurricane Katrina, in part because the requisite number of deaths did not

occur at a "discrete location."  *See, e.g., Case v. ANPAC La. Ins. Co.*, ___ F. Supp. 2d ___, 2006

WL 3615064, at *6-15 (E.D. La. Dec. 11, 2006); *Southall v. St. Paul Travelers Ins. Co.*, No. 06-

3848, 2006 WL 2385365, at *5-6 (E.D. La. Aug. 16, 2006); *Flint v. La. Farm Bureau Mut. Ins.

Co.*, No. 06-2546, 2006 WL 2375593, at *2-4 (E.D. La. Aug. 15, 2006).  This Court agrees and

finds that the MMTJA does not confer federal jurisdiction in this case.

---

[2] Having found that diversity of citizenship does not exist, the Court need not consider whether the amount-in-controversy requirement has been satisfied.

**III.     CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Plaintiffs' Motion to Remand is

GRANTED and that this matter is hereby REMANDED to the 34th Judicial District Court for

the Parish of St. Bernard, State of Louisiana.

New Orleans, Louisiana, this __21st__ day of __ February __, 2007.

UNITED STATES DISTRICT JUDGE